IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLAUDE THORN                                                                                              PLAINTIFF

v.                                              Civil No. 4:06-cv-4096

TYSON FOODS, INC.                                                                                       DEFENDANT


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's complaint was filed in this case on October 30, 2006. On April 15, 2007, Plaintiff filed an Addendum (pursuant to order of this Court) and a Supplement to his complaint. (Doc. Nos. 6 and 7).[1] Plaintiff proceeds *pro se* and *in forma pauperis*. Before the undersigned is the issue of whether the complaint should be served.

**A. Background:**

Plaintiff, Claude Thorn, lives in Rosston, Arkansas. According to the current Complaint, Plaintiff has been employed by the Defendant, Tyson Foods, Inc., since 1989. He alleges that in April, 2003, Defendant failed to properly pay his full salary due to fraud and corporate greed. As a result, he alleges he is owed $6.14. He also asserts that Defendant failed to properly train and supervise its managers on how to keep accurate records and failed to train managers on what to do when the system failed. Due to this alleged negligence, Plaintiff states he had to wait a week to receive his unpaid wages. Plaintiff alleges he reported the unpaid wages and within one hour received an unjust disciplinary action. As relief, Plaintiff asks for an award of damages for emotional distress, mental anguish, pain, and suffering. He also asks for an award of punitive

---

[1]References to the pleadings containted in the Court's file will be by document number.

-1-

damages. Finally, he asks for any other relief that may be appropriate including injunctive relief, costs, and attorneys fees. Plaintiff indicates he is asserting the following causes of action: negligence; intentional infliction of emotional distress; fraud; and retaliation. The addendum to complaint also appears to allege a wage and hour claim (presumably under the Fair Labor Standards Act).

Plaintiff filed a complaint alleging similar causes of action in this Court on January 18, 2006. *See Thorn v. Tyson Foods, Inc.*, Cause No. 4:06-cv-4007. The only difference between that complaint and the instant Complaint appears to be that the initial complaint alleged March, 2003, as the date of actionable conduct by the Defendant while the current Complaint alleges April, 2003. It is apparent from reading the two complaints the conduct Plaintiff complains of is the same in both actions. This Court dismissed the first complaint as time-barred and frivolous. For the reasons set out below the undersigned recommends that the current Complaint be dismissed as frivolous and that Plaintiff be barred from future filings without first obtaining leave of Court.

**B. Discussion:**

This case is subject to dismissal prior to service of process. Plaintiff's claims for negligent record keeping and unlawful retaliation arise pursuant to the Fair Labor Standards Act. These claims are barred by the applicable two year statute of limitations. *See* 29 U.S.C. § 255(a)(two year statute of limitations generally applicable); *see also Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2000). Plaintiff alleges the incident involving the "negligent" record keeping or time keeping system failure occurred in March or April 2003. He alleges he was forced to wait a week to be compensated for the unpaid wages. The retaliation Plaintiff alleges occurred within one hour of his having reported the unpaid wages. The complaint in this case was not filed until October 30,

2006, more than two years later.[2]

Federal courts are courts of limited jurisdiction. *See, Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See, Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998).

In this case, any claim based on federal law is barred by the applicable statue of limitations. Further, both Plaintiff and Defendant are alleged to be citizens of the State of Arkansas, and diversity jurisdiction is lacking. No other basis of federal jurisdiction appears to exist in this case. The case should be dismissed for lack of jurisdiction, just as the first action was dismissed on September 1, 2006.

**C. Conclusion:**

I recommend this action be dismissed for lack of jurisdiction prior to service of process. Further, the action is frivolous. *See*, 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). I also recommend the Plaintiff be ordered to file no other action or lawsuit based on or arising from Plaintiff's employment with Tyson Foods, Inc., without first obtaining leave of this Court. The Clerk should be directed to provisionally file

---

[2]While the instant Complaint is slightly different from the complaint filed in Cause No. 4:06-cv-4007, the facts alleged in support of Plaintiff's claims are identical in both actions.

any such complaint or pleading presented by the Plaintiff for filing, pending review of such complaint or pleading by this Court. *See Kokocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). It is further recommended that Plaintiff be admonished by the Court that any future complaint or pleading presented for filing, which has the same factual basis as the Complaint presented here, will be subject to dismissal and Plaintiff may be subject to monetary or other sanctions for submitting said complaint or pleading.

**Plaintiff has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**
**DATED** this **14th day of May, 2007.**

        /s/  Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE