IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLAUDE THORN                                                                                          PLAINTIFF

VS.                                        Case No. 4:06-CV-4096

TYSON FOODS, INC.                                                                                    DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed May 14, 2007 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  (Doc. 11). Judge Bryant recommends dismissal of Plaintiff Claude Thorn's Complaint prior to service of process on Defendant Tyson Foods, Inc. ("Tyson").  Plaintiff filed timely objections to the Report and Recommendation on May 28, 2007.  (Doc. 12).  After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own.

Thorn brings suit against Tyson based on–again–an alleged failure to follow payroll procedures.  In the complaint, Thorn alleges that he "had to wait to receive pay owed due to [Tyson's] wilful fraud" and "corporate greed." (Doc. 1, pgs. 1-2).  Thorn previously sued Tyson for the same corporate conduct under the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA").  This Court dismissed the  previous suit as barred by the FLSA's two-year statute of limitations.  *Thorn v. Tyson Foods, Inc.*, 2006 WL 2547409, *1 (2006).  Thorn appealed to the Eighth Circuit Court of Appeals, who summarily affirmed on March 1, 2007.  *Thorn v. Tyson Foods, Inc.*, Case No. 04:06-CV-4007 HFB (Doc. 18-2).  The instant complaint is nothing more than a re-allegation of the same facts and corporate conduct as before, only this time dressed up in terms of fraud and "wilful and intentional conduct," perhaps seeking to take advantage of the three-year statute of limitations applicable to this cause of action.  *See* Ark. Code Ann. § 16-56-105 (2005).  However, this case is still time-barred, as the complained of conduct occurred in April of 2003, (Doc. 1, pg. 1) and the

instant complaint was filed October 30, 2006–more than three years later. For this reason alone, this case is subject to immediate dismissal.

However, the Court feels further explanation is appropriate in this case. Thorn has now twice filed *pro se* and *in forma pauperis* complaints against Tyson based on an identical set of facts, and each action was both time-barred and frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(allowing Court to dismiss as frivolous an action brought *in forma pauperis* at any time). Even if the second action was not time-barred, which it clearly is, it would be subject to dismissal for lack of jurisdiction. Unlike actions brought under the FLSA, an action for fraud raises no federal question. As such, diversity of citizenship and an amount in controversy exceeding $75,000 must be present for this Court to hear the case. *See* 28 U.S.C. § 1332. Both Thorn and Tyson are citizens of Arkansas; diversity is thus lacking. The result is that even if the case were timely filed, the Court would lack jurisdiction to hear it.

Accordingly, Thorn's complaint should be and hereby is **DISMISSED WITH PREJUDICE**. Plaintiff Claude Thorn shall be required to obtain leave of this Court prior to the filing of any subsequent lawsuit arising out of his employment with Tyson Foods, Inc. Finally, the Court warns Plaintiff that he will face sanctions, monetary or otherwise, should he present for filing a subsequent complaint or pleading having the same factual basis as this case or the previous case, 4:06-CV-4007, against Tyson Foods, Inc.

**IT IS SO ORDERED**, this 20th day of June, 2007.

               /s/Harry F. Barnes
               Hon. Harry F. Barnes
               United States District Judge